IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FLORENCE CLAVE MACAULEY,

   Plaintiff,

     v.

UNKNOWN US FEDERAL
GOVERNMENT AGENCY OR
AGENCIES, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-1347-TWT

**OPINION AND ORDER**

This matter is before the Court for a *de novo* review of the United States Citizenship and Immigration Services' ("USCIS") denial of the Plaintiff Florence Macauley's application for naturalization. The Defendants Unknown U.S. Federal Government Agency or Agencies; Jeh Charles Johnson, Secretary of the Department of Homeland Security; León Rodríguez, Director of USCIS; and Brett R. Rinehart, District Director of USCIS Atlanta field office ("Defendants") now move for Summary Judgment [Doc. 13]. For the reasons set forth below, the Defendants' Motion for Summary Judgment [Doc. 13] is DENIED.

# I. Background[1]

In 1989, a civil war broke out in Liberia, resulting in many citizens fleeing the country.[2] Because of the war, in 1991, the United States Attorney General granted all Liberians the opportunity to register for temporary protected status ("TPS").[3] TPS provides temporary protection to foreigners in the United States when unsafe conditions exist in their home countries.[4] Under 8 U.S.C. § 1254a, the Attorney General was authorized (and now the Secretary of Homeland Security is authorized[5]) to designate a foreign country for TPS, and, once designated, foreign nationals from that country may apply for TPS.[6] If TPS is granted, the foreign national may remain

---

[1] In their Reply Brief, the Defendants argue that their Statement of Material Facts should be deemed admitted, because the Plaintiff failed to file a response. However, the Plaintiff filed an amended Response, addressing the Defendants' Statement of Material Facts. See [Doc. 22]. Accordingly, the Defendants' Statement of Material Facts will not be deemed admitted.

[2] See Krua v. U.S. Dept. of Homeland Security, 729 F. Supp. 2d 452, 452-53 (D. Mass. 2010) (providing background regarding the Liberian civil war and the Attorney General's grant of TPS to Liberians in the United States).

[3] Id.

[4] See 8 U.S.C. § 1254a(b).

[5] The authority to designate countries and administer the TPS program was transferred from the Attorney General to the Secretary of Homeland Security in 2003, with the formation of the Department of Homeland Security. Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002).

[6] 8 U.S.C. § 1254a(b), (a)(1).

in the United States through the duration of his or her country's designation.[7] A designation may last between six and eighteen months, and once the designation period ends, the Secretary of Homeland Security reviews the conditions of the foreign country and is authorized to continue the designation if he or she determines it is still necessary.[8] When TPS is terminated, the foreign national's immigration status reverts back to his or her status prior to the TPS grant.[9]

The Plaintiff Florence Macauley is a citizen of Liberia. She entered the United States in 1985.[10] She first applied for TPS in 1999, and USCIS approved her application on June 14, 1999.[11] Then, on September 28, 1999, TPS expired for Liberian nationals.[12] But the day before Liberia's designation was set to expire, President Clinton determined that – for foreign policy reasons – Liberians should be allowed to remain in the United States.[13] Through the deferred enforced departure

---

[7]   Id. § 1254a(a)(1)(A).

[8]   Id. § 1254a(b)(2), (b)(3)(A).

[9]   Krua, 729 F. Supp. 2d at 453.

[10]  Defs.' Statement of Material Facts ¶¶ 1-2.

[11]  Pl.'s Statement of Material Facts ¶ 1.

[12]  Defs.' Statement of Material Facts ¶ 7.

[13]  Pl.'s Statement of Material Facts ¶ 3; see also Pl.'s Resp. Br., Ex. DD.

("DED") program, Liberians were able to retain the same protections as TPS.[14] Nevertheless, on February 3, 2000, an immigration judge ordered voluntary departure (in lieu of deportation) of the Plaintiff.[15] The Plaintiff was ordered to leave the United States by June 2, 2000, barring an extension by "the District Director, Immigration and Naturalization Service, and whatever conditions the District Director may direct."[16] The Plaintiff did not the leave the United States and eventually received employment authorization through the DED program.[17] Liberia's DED status was extended a few times until, in 2002, Liberia was re-designated as a TPS state.[18] In 2004, the Plaintiff applied for and again received TPS, which she maintained until 2006.[19] That same year, President Bush chose to grant Liberian nationals DED status again.[20]

---

[14] See Pl.'s Resp. Br., Ex. DD; see also Krua, 729 F. Supp. 2d at 452-53 ("The effect of DED is essentially the same as TPS and Liberians were eligible for employment authorization and not subject to removal.").

[15] Pl.'s Statement of Material Facts ¶ 1.

[16] Id.

[17] Defs.' Statement of Material Facts ¶ 10.

[18] Krua, 729 F. Supp. 2d at 453.

[19] Defs.' Statement of Material Facts ¶ 11.

[20] Krua, 729 F. Supp. 2d at 453.

On December 7, 2008, the Plaintiff applied for permanent residence status, which was granted on June 29, 2009.[21] Then, on April 4, 2014, she filed an application for naturalization.[22] On the application, the Plaintiff admitted that she was previously the subject of deportation proceedings.[23] As a result, USCIS denied her naturalization application, citing the 2000 voluntary departure order.[24] The Plaintiff appealed the denial, arguing that the 2000 order was never final because she had received temporary protected status.[25] The Plaintiff lost her appeal.[26] She then filed the instant petition for *de novo* review of USCIS's denial of her naturalization application and request for a hearing. The Defendants now move for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[27] The court should view the

---

[21] Defs.' Statement of Material Facts ¶¶ 14-15.

[22] Id. ¶ 16.

[23] Id. ¶ 17.

[24] Id. ¶ 18.

[25] Id. ¶ 20.

[26] Id. ¶ 22.

[27] FED. R. CIV. P. 56(a).

evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[28] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[29] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[30] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[31]

### III. Discussion

An applicant seeking naturalization bears the burden of proving that he or she entered the United States lawfully and is eligible to become a United States citizen. "[I]t has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect. Th[e] [Supreme] Court has often stated that doubts 'should be resolved in favor of the United States and against the

---

[28] Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[29] Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[30] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[31] Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

claimant.'"[32] The requirements for naturalization are set forth in 8 U.S.C. § 1427(a), which states in part that:

> No person, except as otherwise provided in this subchapter, shall be naturalized unless such an applicant, (1) immediately preceding the date of filing his application for naturalization has resided continuously, *after being lawfully admitted for permanent residence*, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months . . . .[33]

Here, the Defendants argue that the Plaintiff was not lawfully admitted for permanent residence status in 2009. A foreign national cannot be lawfully admitted for permanent residence when he or she has been subject to a final order of removal within the ten years prior to his or her application for permanent residency.[34] The Defendants contend that because the Plaintiff did not have TPS when she was granted a voluntary departure, she is subject to the 2000 departure order, which became final when she failed to leave the United States on June 2, 2000. In response, the Plaintiff

---

[32] Berenyi v. District Dir., Immigration & Naturalization Serv., 385 U.S. 630, 637 (1967); see also 8 U.S.C. § 1429 ("The burden of proof shall be upon such person to show that he entered the United States lawfully . . . .").

[33] 8 U.S.C. § 1427(a) (emphasis added).

[34] 8 U.S.C. § 1182(a)(9)(A)(ii)(II).

argues that she was protected by DED during the sixty-day voluntary departure period, and, as a result, her voluntary departure order never became final.

Based on the parties' statements of facts, there does not appear to be a disputed issue of fact. Both parties agree that the Plaintiff received DED status during her voluntary departure period.[35] The question therefore becomes whether DED prevented the Plaintiff's voluntary departure order from becoming final. The Defendants fail to address the effect of DED on the Plaintiff's voluntary departure order in their briefs. Through its own research, the Court was unable to find case law or other authorities on the question. As a result – in the absence of evidence to the contrary – the Court finds that DED made the Plaintiff's presence lawful during her term of voluntary departure, and her voluntary departure order did not become final. The Defendants' Motion for Summary Judgment is denied.

## IV. Conclusion

For these reasons, the Court DENIES the Defendants' Motion for Summary Judgment [Doc. 13].

---

[35] Pl.'s Am. Resp. to Defs.' Statement of Material Facts ¶ 7; Defs.' Resp. to Pl.'s Statement of Material Facts ¶ 3.

SO ORDERED, this 8 day of August, 2017.


                                      /s/Thomas W. Thrash
                                      THOMAS W. THRASH, JR.
                                      United States District Judge